UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN M. BREDWELL,              )
                               )
    *Plaintiff*,              )
                               )
                               )
v.                             )     No. 1:13-cv-208-CLC-SKL
                               )
                               )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
    *Defendant*.             )

## REPORT AND RECOMMENDATION

Plaintiff John M. Bredwell ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff has moved for judgment on the pleadings [Doc. 13] and has filed a memorandum in support [Doc. 14]. Defendant has moved for summary judgment [Doc. 15] and has filed a memorandum in support [Doc. 16]. Plaintiff alleges that the administrative law judge ("ALJ") erred by: (1) failing to comply with the treating physician rule; and (2) relying upon contradictory and improper vocational expert testimony. For the reasons stated below, I **RECOMMEND** that (1) Plaintiff's motion for judgment on the pleadings [Doc. 13] be **DENIED**; (2) the Commissioner's motion for summary judgment [Doc. 15] be **GRANTED**; and (3) the decision of the Commissioner be **AFFIRMED**.

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff initially filed his applications for DIB and SSI on February 2, 2010, alleging disability as of August 1, 2007 (Transcript [Doc. 11] ("Tr.") 188, 192). Plaintiff's claims were denied initially and upon reconsideration, and he requested a hearing before the ALJ (Tr. 87, 93, 103). ALJ Michael Swan held a hearing on September 7, 2011, during which Plaintiff was represented by an attorney (Tr. 31). The ALJ issued a decision on September 22, 2011, in which the ALJ determined Plaintiff was not disabled (Tr. 67-77). Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision on October 3, 2011 (Tr. 139). The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ (Tr. 82-86). ALJ Swan held a second hearing on January 10, 2012, at which Plaintiff was again represented by an attorney (Tr. 46). The ALJ issued a second unfavorable decision on March 15, 2012; again finding Plaintiff was not disabled (Tr. 10-25). The Appeals Council denied Plaintiff's request for review of the second decision, making the ALJ's decision dated March 15, 2012 the final, appealable decision of the Commissioner (Tr. 1-3). Plaintiff filed the instant action on June 25, 2013 [Doc. 2].

## II. FACTUAL BACKGROUND

### A. Education and Employment Background

Plaintiff was 44 years old on the alleged onset date (Tr. 76). Plaintiff has a ninth grade education (Tr. 74), and a very limited ability to read (Tr. 58). Plaintiff has past relevant work as a landscape laborer and a carpenter's helper (Tr. 35-36). Plaintiff has not worked since his alleged amended onset date of August 4, 2009 (Tr. 34-35).

2

### B. Medical Records

Plaintiff has been treated for chronic back and neck pain with symptoms of radiculopathy for several years. Neither party disputes the ALJ's summary of the pertinent medical records concerning Plaintiff's mental and physical condition, particularity Plaintiff's degenerative disc disease of the lumbar spine, decreased visual acuity, and depression. Under such circumstances, Plaintiff's medical records will not be again summarized in this report and recommendation, but all relevant medical records have been carefully reviewed.

### C. Hearing Testimony

At the hearing on September 7, 2011, Plaintiff and a vocational expert ("VE"), David Boatner, testified (Tr. 31-45). At the second hearing held on January 10, 2012, Plaintiff testified, and a different VE, Dr. Rodney Caldwell, also testified (Tr. 46-62). The transcripts from both hearings have been carefully reviewed, but need not be separately summarized herein.

## III. ELIGIBILITY AND THE ALJ'S FINDINGS

### A. Eligibility

"The Social Security Act defines a disability as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Schmiedebusch v. Comm'r of Soc. Sec.*, No. 12-4316, 2013 WL 5749156, at *9 (6th Cir. Oct. 24, 2013) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 862 (6th Cir. 2011) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy." *Parks*, 413 F. App'x at 862 (quoting 42 U.S.C. § 423(d)(2)(A)). The Social Security Administration determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v). The five-step process provides:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). The claimant bears the burden to show the extent of his impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010).

### B.     The ALJ's Findings

In the ALJ's second decision, dated March 15, 2012, he made the following findings. At step one of the process, the ALJ found Plaintiff had not engaged in any substantial gainful activity since August 4, 2009, the alleged onset date (Tr. 16). At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, decreased visual acuity, and depression (Tr. 16). At step three, the ALJ found Plaintiff did not have any impairment or combination of impairments to meet or medically equal any

4

presumptively disabling impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (Tr. 16-17). The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work, subject to lifting and carrying of no more than five pounds frequently and occasionally; with a sit/stand option at will; with postural limitations of no more than occasional balancing, stooping, kneeling, crouching, and crawling; with a need to avoid heights; and a mental impairment that limits Plaintiff to only simple unskilled work with no more than rare contact with the general public and no more than occasional contact with supervisors and coworkers (Tr. 17-23). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (Tr. 23). At step five, the ALJ noted that Plaintiff was a younger individual on the alleged amended onset date, had a limited education, and was able to communicate in English (Tr. 23). After considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 23-24). These findings led to the ALJ's determination that Plaintiff was not under a disability at any time from August 4, 2009, the alleged amended onset date, through March 15, 2012, the date of the decision (Tr. 25).

## IV.     ANALYSIS

Plaintiff alleges that the ALJ erred by: (1) failing to properly assess the opinion of Terry W. Smith, M.D. and comply with the treating physician rule; and (2) relying on testimony from the VE at the second hearing which directly contradicts testimony from the VE at the first hearing, and which is inconsistent with the Dictionary of Occupational Titles ("DOT"). Both of Plaintiff's arguments will be addressed below.

5

### A. Standard of Review

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence. 42 U.S.C. § 405(g); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (internal citations omitted). Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations omitted). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes "there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may not, however, consider any evidence which was not before the ALJ for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009)

(stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claims of error without further argument or authority may be considered waived).

### B. Treating Physician Rule

Plaintiff argues that proper deference was not given to the opinion of Dr. Smith, his treating physician, when the ALJ determined Plaintiff's RFC, because the ALJ gave great weight to Dr. Smith's opinion but did not adopt Dr. Smith's opinion that Plaintiff was disabled. Plaintiff contends that the ALJ erred because he did not "identify or discuss with any specificity the evidentiary inconsistencies he relied on to reject that aspect of Dr. Smith's opinion regarding total disability." [Doc. 14 at Page ID # 463]. Defendant argues that the ALJ's decision to give little weight to Dr. Smith's opinion that Plaintiff was totally disabled was proper, contending that Dr. Smith's opinion went beyond the scope of a medical opinion when he opined on an issue reserved to the Commissioner.

The ALJ specifically considered that "Dr. Smith further noted that he agrees claimant is disabled from all gainful employment due to his pain, decreased mobility, fatigue and depression." (Tr. 21). The ALJ also stated,

> I have considered the opinion of the treating physician, Dr. Terry Smith, M.D., of August 19, 2009, wherein he stated that claimant is capable of "very light duty work" that does not require any bending or lifting over five pounds. I give this opinion substantial weight as I find it is more closely supported by the evidence of record. However, Dr. Smith's assessment on March 1, 2011 (Exhibit 15F, 5), that claimant is "disabled from all gainful employment" is *given only some weight*. Such conclusory opinions not only lack the function-by function analysis typically seen in an appropriate medical opinion, but are also entitled to only

7

little weight, not because of their merit, but because they are beyond the scope of a proper medical opinion.

(Tr. 22-23) (emphasis added). The ALJ further explained that "there are sound reasons for not allowing doctors to render vocational opinions, not the least of which is specialized knowledge of other jobs possibly suited to a claimant's residual functional capacity" (Tr. 23).

The law governing the weight to be given to a treating physician's opinion, often referred to as the treating physician rule, is well settled: A treating physician's opinion is entitled to complete deference if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2) (now (c)(2)) (alteration in original). Even if the ALJ determines that the treating source's opinion is not entitled to controlling weight, the opinion is still entitled to substantial deference or weight commensurate with "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192-93 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2) (now (c)(2)); SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996)).

"However, 'a treating physician's opinion is only entitled to such . . . deference when it is a medical opinion.'" *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. 2013) (alteration in original) (quoting *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010)). Where a treating physician opines "on an issue reserved to the Commissioner—such as whether the claimant is disabled, unable to work, the claimant's RFC, or the application of vocational factors—his decision need only explain the consideration given to the treating

8

source's opinion." *Id.* (quoting *Turner*, 381 F. App'x at 493) (internal quotation marks omitted). An opinion by a treating physician on such an issue reserved to the Commissioner "is not entitled to any particular weight." *Id.*

While Plaintiff is correct that the ALJ discounted Dr. Smith's opinion that Plaintiff is disabled, the ALJ did not err in doing so. The ALJ explained the consideration that he gave to Dr. Smith's opinion that Plaintiff is disabled, and the ALJ gave a thorough explanation as to why he discounted this portion of Dr. Smith's opinion. As the law is clear that a treating physician's opinion on the issue of whether a claimant is disabled is "entitled to no particular weight," *Johnson*, 535 F. App'x at 505, I **FIND** that the ALJ did not err in discounting Dr. Smith's opinion as to Plaintiff's disability. I further **FIND** that the ALJ's decision complied with the treating physician rule as the ALJ properly weighed Dr. Smith's opinion and gave good reasons for the weight given the opinion.

### C. Contradictory Testimony by the Vocational Expert

Plaintiff argues that the ALJ erred in basing his decision on the testimony of the VE at the second hearing, which Plaintiff alleges directly contradicted the testimony of the VE at the first hearing. Plaintiff also argues that the VE's testimony at the second hearing is inconsistent with the DOT. Plaintiff further argues that the vocations identified by the VE at the second hearing were not jobs but were instead general classifications of work, and that the ALJ erred by failing to request greater specificity. Defendant, in response, argues that the ALJ satisfied his burden by asking the VE if his testimony was consistent with the DOT and properly resolved the inconsistency. Defendant further argues that the differences between the testimony of the VEs at the first and second hearings was due to the different hypotheticals asked by the ALJ. Each of

9

Plaintiff's arguments regarding the alleged problems with the VE's testimony will be addressed below.

### 1. Alleged Conflict with the DOT

Under applicable regulations, an ALJ must identify and obtain a reasonable explanation for any conflicts between VE testimony and information in the DOT. SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). An ALJ satisfies this burden "if he or she asks the VE whether his or her testimony is consistent with the DOT." *Johnson*, 535 F. App'x 498 (citing *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)). Neither the information in the DOT nor the VE's testimony "automatically trumps when there is a conflict;" instead, "the ALJ must resolve the conflict by determining if the explanation given by the expert is reasonable and provides a basis for agreeing with the expert rather than the DOT information." *Martin*, 170 F. App'x at 374 (citing SSR 00-4p).

Here, the ALJ did ask the VE whether his testimony was consistent with the DOT, to which the VE responded that his testimony was consistent with the DOT, as "[t]he DOT has no information regarding sit/stand options" (Tr. 60). The VE explained that his testimony regarding sit/stand options, which are not included in the DOT, was based on his "observation of these jobs as they're performed and interviewing individuals who have performed these jobs" (Tr. 60). The ALJ satisfied his burden by asking the VE if his testimony was consistent, as the ALJ has no affirmative duty under SSR 00-4p to "conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). Even if any inconsistency did exist, the ALJ's decision would have sufficiently resolved it, as it states,

> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of

10

> Occupational Titles, except for the consideration of the sit or stand
> option which is not addressed in the DOT. That testimony is based
> on the vocational expert's education and field experience, and is
> thus a reliable source of occupational information appropriate for
> consideration under Social Security Ruling 00-4p.

(Tr. 24). The ALJ thus resolved any inconsistency between the VE's testimony and the DOT due to the sit/stand option, if one existed, by relying on the VE's testimony as reasonable given the VE's education and experience.

Accordingly, I **FIND** that the ALJ satisfied his burden to ensure that the VE's testimony was consistent with the DOT by asking the VE if his testimony was consistent with the DOT. I further **FIND** that the ALJ properly resolved any conflict with the DOT regarding the sit/stand option, if one existed, by finding the VE's testimony based upon his education and experience reasonable.

### 2. Alleged Conflict Between the Testimony of the VEs at the First and Second Hearings

Plaintiff also argues that the ALJ's reliance on the testimony of the VE from the second hearing was improper because it conflicted with the testimony of the VE from the first hearing. Defendant contends that any difference between the testimony of the VEs at the two hearings is explained by the different hypotheticals they were asked at each hearing.

At the first hearing, the ALJ asked the VE whether there would be any jobs in the regional or national economy that would fit a hypothetical person who had the RFC to perform a reduced range of *light* work (Tr. 42), while the ALJ asked the VE at the second hearing about a hypothetical person with the RFC to perform a reduced range of *sedentary* work (Tr. 59). Given the very different hypotheticals presented by the ALJ, it is not surprising that the second VE testified differently than did the first—in fact, it would have been more surprising if both VEs had given the same responses to the different hypotheticals.

11

Accordingly, I **FIND** that the ALJ's decision to rely upon the VE's testimony from the second hearing, which was in response to the ALJ's updated hypothetical (in line with the updated version of Plaintiff's RFC), was proper and supported by substantial evidence.

### 3. Specificity of Vocations in VE's Testimony

Plaintiff's last argument is that the vocations identified by the VE at the second hearing were only general classifications of work, which themselves included many jobs of varying exertional and skill levels. Plaintiff does not cite to any case law, statute, rule, regulation, or other authority in support of his argument that the vocations identified by the VE were impermissibly general. Defendant argues that the jobs identified by the VE appear to be standard jobs and notes that Plaintiff did not raise any objections at the hearing to the jobs identified by the VE. Defendant further contends that, even if the jobs were general classifications, Plaintiff has not proven that he could not perform the jobs within the classifications.

"[T]he DOT's job classifications are collective descriptions of 'occupations' that can encompass numerous jobs." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009). Social Security Administration regulations clearly state that each of the occupations in the DOT represents numerous jobs, and they further provide that the Commissioner relies primarily on the DOT in making disability determinations. SSR 00-4p, 2000 WL 1898704, at * 2 (Dec. 4, 2000). The VE at the hearing properly relied upon the DOT in providing testimony about jobs that a hypothetical person with Plaintiff's RFC would be capable of performing.

Accordingly, I **FIND** that the ALJ's reliance upon the VE's testimony, which included general classifications of occupations from the DOT, was proper and supported by substantial evidence.

## V. CONCLUSION

Having carefully reviewed the administrative record and the parties' arguments, I **RECOMMEND**[1] that:

1) Plaintiff's motion for judgment on the pleadings [Doc. 13] be **DENIED**.

2) The Commissioner's motion for summary judgment [Doc. 15] be **GRANTED**.

3) The Commissioner's decision denying benefits be **AFFIRMED**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

13